Mr. Matthew D. Bordelon General Counsel Holley-Navarre Fire Protection District 2721 Gulf Breeze Parkway Gulf Breeze, Florida 32561-3079
Dear Mr. Bordelon:
As general counsel for the Holley-Navarre Fire Protection District, you have asked for my opinion on substantially the following questions:
1. Is a referendum vote by the qualified electors of the Holley-Navarre Fire Protection District required for the district to operate pursuant to Chapter 191, Florida Statutes?
2. Would a majority vote of the district's electors rejecting a proposed ad valorem tax operate to nullify or rescind the authority to impose real property assessments authorized by the special act creating the district?
In sum:
1. A referendum vote of the qualified electors of the Holley-Navarre Fire Protection District is not required in order for the district to operate under the provisions of Chapter 191, Florida Statutes.
2. The rejection of a proposed ad valorem tax assessment by the voters would not nullify or rescind the authority of the Holley-Navarre Fire Protection District to impose special assessments under the special act creating the district. However, any special assessments levied after the effective date of Chapter 191, Florida Statutes, must conform to the requirements of that chapter.
Question One
The Holley-Navarre Fire Protection District (the district) was created by Chapter 80-603, Laws of Florida, and subsequently amended by Chapter 81-485, Laws of Florida.[1] The district was created in Santa Rosa County and is authorized to levy special assessments against taxable real estate within the district for fire protection.[2] Like county taxes, these special assessments are liens against the property upon which they are assessed and failure to pay them results in the same penalties, charges, fees and remedies for enforcement and collection.[3]
According to its enabling legislation the district may levy special assessments as follows:
"The rate of such assessments for the protection against fire shall be fixed by a resolution of the board, but in no event shall such assessments exceed the sum of $25 for businesses and commercial buildings, per annum; $15 per annum on family dwellings; $15 per annum per occupied lot not previously covered; $2.50 per annum per vacant lot; 25 cents per annum on unimproved acreage; apartment buildings, motels and mobile home parks shall be as follows: 1-30 units, $8 per unit, 31-50 units, not to exceed $200, 51 or more units, not to exceed $300 per annum. No one taxpayer shall be responsible for payment of more than $300 in any one year."[4]
The rate of assessment is to be fixed by a resolution of the board.[5]
Chapter 80-603, Laws of Florida, creating the Holley-Navarre Fire Protection District, became effective upon approval by a majority of the qualified electors participating in a referendum held in November 1980. In addition, the act requires that "a referendum . . . shall also be required to dissolve or transfer authority of the special district with the majority of those qualified electors voting in favor thereof."[6]
In 1997, the "Independent Special Fire Control District Act" was enacted.[7] The legislative purpose of this act, as expressed in section 191.002, Florida Statutes, was to provide uniformity for independent special fire control districts in: standards, direction, and procedures concerning operations and governance; operations and authority; financing authority; communications and coordination between special fire control districts and other local governments; and the election of members to ensure greater accountability to the public.[8]
Section 191.004, Florida Statutes, states that
"Each district, regardless of any other, more specific provision of any special act or general law of local application creating the charter of the district, shall comply with this act. It is the intent of the Legislature that the provisions of this act supersede all special act or general law of local application provisions which contain the charter of an independent special fire control district and which address the same subjects as this act, except as such acts or laws address district boundaries and geographical subdistricts for the election of members of the governing board. However, this act does not require any modification to district financing or operations which would impair existing contracts, including collective bargaining agreements, debt obligations, or covenants and agreements relating to bonds validated or issued by the district. Further, this act does not repeal any authorization within a special act or general law of local application providing for the levy and assessment of ad valorem taxes, special assessments, non-ad valorem assessments, impact fees, or other fees or charges by a district."
Thus, the provisions of the act preempt special act provisions to the extent of any conflict and provide a uniform scheme for accomplishing the goals of independent fire control districts throughout the state. District financing or actions that would impair existing contracts of the district remain unchanged.
According to your letter, there is some concern that the language in sections 191.002 and 191.004, Florida Statutes, acts to dissolve or transfer authority under the provisions of section 16 of Chapter 80-603, Laws of Florida, such that the special act requires a referendum. While the language of section 191.004, Florida Statutes, does constitute a preemption of any conflicting provisions in the Holley-Navarre Fire Protection District's enabling legislation, it does not dissolve the district nor does it transfer the authority of the board of commissioners elsewhere.
Therefore, it is my opinion that a referendum vote of the qualified electors of the Holley-Navarre Fire Protection District is not required to allow the district to operate under the provisions of Chapter 191, Florida Statutes.
Question Two
Your second question relates to a proposed ad valorem tax measure that the district is considering submitting to a referendum vote of the electors. No ad valorem taxes have been levied by the district previously. You ask whether a rejection of the proposed ad valorem tax assessment would operate to nullify or rescind the district's authority to impose special assessments under Chapter 80-603, Laws of Florida.
Section 191.004, Florida Statutes, quoted above, states that "this act does not repeal any authorization within a special act or general law of local application providing for the levy and assessment of ad valorem taxes, special assessments, non-ad valorem assessments, impact fees, or other fees or charges by a district." Nor does Chapter 191, Florida Statutes, "require any modification to district financing or operations which would impair existing contracts, including collective bargaining agreements, debt obligations, or covenants and agreements relating to bonds validated or issued by the district." Rather, section191.009, Florida Statutes, appears to expand the authority of the Holley-Navarre Fire Protection District and authorize the district to assess ad valorem taxes, non-ad valorem assessments (the rate of which may be greater than that specified in the district's enabling legislation), user charges, and impact fees.[9]
While a referendum on a proposed ad valorem assessment may fail with the result that no such tax will be levied, nothing in either the special act or Chapter 191, Florida Statutes, would give such a referendum the effect of repealing the taxing authority of the district. Nor would the rejection of a proposed ad valorem assessment have the effect of repealing the authority of the district to impose special assessments pursuant to Chapter 80-603, Laws of Florida. Special assessments and ad valorem taxes are two entirely separate and distinct charges and action on one under Chapter 191, Florida Statutes, has no effect on the authority of the district to assess the other. As discussed above, section191.004, Florida Statutes, indicates that nothing in Chapter 191, Florida Statutes, would repeal an existing authorization by a special act for the imposition of special assessments.
Therefore, it is my opinion that the rejection of a proposed ad valorem tax assessment by the voters would not nullify the authority of the Holley-Navarre Fire Protection District to impose special assessments under the special act creating the district. However, any special assessments levied after the effective date of Chapter 191, Florida Statutes,[10] should be accomplished in accordance with the provisions of that chapter.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] The 1981 amendments contained in Ch. 81-485, Laws of Florida, relate to the boundaries of the district.
[2] Section 5(1) and (2), Ch. 80-603, Laws of Florida.
[3] Section 7(1), Chapter 80-603, Laws of Florida.
[4] Section 5(3), Ch. 80-603, Laws of Florida.
[5] Section 5(2), Ch. 80-603, Laws of Florida.
[6] Section 16, Ch. 80-603, Laws of Florida.
[7] See, s. 191.001, Fla. Stat., providing the title for the act.
[8] Section 191.002, Fla. Stat.
[9] For purposes of s. 191.009(2), Fla. Stat., authorizing the levy of non-ad valorem assessments, such assessments are defined in s. 197.3632(1)(d), Fla. Stat., as "those assessments which are not based upon millage and which can become a lien against a homestead as permitted in s. 4, Art. X of the State Constitution."
[10] Chapter 97-256, Laws of Florida, which was subsequently assigned Ch. 191, Fla. Stat., and became law on May 30, 1997.